TOWNSEND vs. WELLS.

The agent, who pays the taxes upon land for the owner, is a competent witness to prove the payment, on a petition for confirmation by a purchaser of the land at tax sale.

*Appeal from Drew Circuit Cou·t in Chancery.*

Hon. J. C. MURRAY, Circuit Judge.

WINTER, for appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

To a petition for confirmation of a tax title to several tracts of land, brought by Wells on the chancery side of the Drew circuit court, Townsend obtained leave to appear, and contest the tax sale of one of the pieces of land, and filed an answer setting up the fact that no taxes were due to the State on that piece of land, as the respondent, the owner of the land, paid them on the day that the land was advertised to be sold, before the hour of sale. The answer is formal, stating the main fact of defense so as to be a bar to the confirmation of the sale of the piece of land mentioned in it; and upon the hearing the respondent offered to prove the fact, and every allegation of the answer in denial of the petition, by the written statement of John S. Winter, which, by consent, was to be received as formal proof, if competent testimony.

The bill of exceptions runs thus: " Which statement, on motion of the petitioner's solicitor, was suppressed by the court on

account of the interest of the witness arising out of his former relations with respondent, as stated in his statement." There was no former relation between Winter and the respondent mentioned in the statement, but that Winter paid the taxes on respondent's lands in Drew county the year that this land in controversy was sold to petitioner, and also in 1852, the year afterwards, and that he was paid for so doing.

Out of this relation no interest arose to exclude Winter's statement. He was a competent witness for all that relation; and if the court had rebuked the petitioner's solicitors for interposing a frivolous objection to the competency of the testimony, we should have approved its course. But as the court sustained the objection, and the respondent had no other witness by whom to establish his defense, we reverse the decree, and remand the case for further proceedings according to law.